Cedric James BUCHANAN, Appellant,

v.

The STATE of Texas.

No. PD–0006–06.

Court of Criminal Appeals of Texas.

Oct. 18, 2006.

Rehearing Denied Dec. 13, 2006.

Mark A. Rubal, Houston, for Appellant.

Peyton Z. Peebles, III, Assistant District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

The question presented in this case is whether a pretrial motion to suppress based upon constitutional principles, along with argument made to the trial court in support of that motion, was sufficient also to preserve error under Chapter 14 of the Texas Code of Criminal Procedure. We conclude that it was not obvious to the trial court or opposing counsel that the appellant was also invoking state law. We therefore reverse the judgment of the court of appeals and affirm the judgment of the trial court.

## FACTS AND PROCEDURAL POSTURE

### The Facts

Police were investigating an aggravated robbery at a Sears department store. They had received information that a suspect, the appellant, was staying in a dilapidated garage apartment adjacent to a house destroyed by fire. When the police entered the premises the day after learning of the appellant's whereabouts, they did so without a warrant, and found him asleep on a mattress on the floor. Subsequent to the arrest, the officers searched a backpack next to the appellant, and seized a knife found within. The appellant was charged with aggravated robbery, with use of the knife constituting the aggravating factor.

### The Trial Court

Counsel for the defense filed a general pretrial motion to suppress the evidence seized after the arrest. In substance, the written motion asserted:

The Defendant would show that he was arrested without a valid warrant and/or probable cause and exigent circumstances in violation of his rights as guaranteed by U.S. CONST. amend. IV, & XIV, and TEX. CONST. Art. 1 sec 9. Defendant would further show that the alleged incriminating evidence was seized as a result of an illegal search that was not valid and not supported by adequate probable cause, and not pursuant to a warrant that authorized the search of the defendant or the place where the Defendant was located and was not supported by a valid consent to search. Any use of such illegally obtained evidence would violate the Defendant's right as set forth in Art. 38.23 V.A.C.C.P., in addition to the before-mentioned Constitutional provisions.

A pretrial hearing was held on the matter, at the conclusion of which the prosecutor argued that the appellant lacked standing to contest the police officers' entry into the building, that the officers had probable cause to arrest the appellant, and that their search of his backpack was a valid search incident to that legal arrest. The appellant's counsel confined his argument almost exclusively to the issue of standing, arguing that the appellant had a reasonable expectation of privacy in the garage apartment. The trial court denied the motion to suppress and the evidence was introduced at trial. A jury found the appellant guilty and sentenced him to 30 years' imprisonment in TDCJ–Correctional Institutions Division.

## Court of Appeals

On appeal, the appellant asserted that the trial court erred to deny the motion to suppress because the initial entry and search of the residence without a warrant was in violation of both the United States Constitution and the Texas Constitution. Additionally, he argued that his arrest without a warrant violated the Fourth Amendment to the United States Constitution, Article I, Section 9 of the Texas Constitution, as well as Chapter 14 of the Texas Code of Criminal Procedure. The Sixth District Court of Appeals overruled all constitutional objections, but did hold that the appellant's arrest violated Chapter 14 of the Texas Code of Criminal Procedure and that any evidence obtained as a result of that arrest should have been suppressed in accordance with Article 38.23 of the Texas Code of Criminal Procedure.[1]

The court of appeals expressly addressed the question whether the appellant had preserved error under Chapter 14. In holding that he did, the court of appeals relied on the appellant's closing argument during the motion to suppress hearing. Counsel argued: "It's undisputed that the officers did not have a search warrant, *did not have any sort of arrest warrant.*"[2] Soon after, he also argued: "[T]hey have to have either *consent,* which they didn't have, or emergency *exigent circumstances,* which they didn't have...."[3] The court of appeals believed that this language was sufficient to invoke Chapter 14 because it alluded to a warrantless arrest and utilized terminology from Article 14.05 of that chapter.[4] It therefore served, in the view

---

1. *Buchanan v. State,* 175 S.W.3d 868, 876 (Tex.App.-Texarkana 2005).

2. 175 S.W.3d at 875 (emphasis added).

3. *Ibid.* (emphasis in the original).

4. TEX.CODE CRIM. PROC. art. 14.05 ("In each case enumerated where arrests may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant, except that an officer making an arrest without warrant may not enter a residence to make the arrest unless: (1) a person who resides in the residence *consents* to the entry; or; (2) *exigent circumstances* require that the officer making the arrest enter the residence without the consent of a resident or without a warrant." (emphasis added)).

of the court of appeals, to put the trial court and opposing counsel on notice that a Chapter 14 objection was being made. Accordingly, the court of appeals reviewed the merits of the Chapter 14 contention, found the arrest illegal under Article 14.03(a)(1) of that chapter,[5] held that evidence of the knife should have been suppressed, that its erroneous admission into evidence was not harmless, and therefore reversed the decision of the trial court and remanded the case for a new trial. The State filed a petition for discretionary review contending that the opinion of the court of appeals is inconsistent with this Court's prior case law. We granted the State's petition for discretionary review in order to address this contention.[6]

## ANALYSIS

### The Law

 It is well established that, in order to preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context.[7] A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is *obvious* to the court and to opposing counsel.[8] When the objection is not specific, and the legal basis is *not* obvious, it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal.[9]

 As the court of appeals acknowledged in this case, neither the Fourth Amendment nor Article I, Section 9 of the Texas Constitution requires a warrant to justify a public arrest based upon probable cause.[10] The requirement of an arrest warrant is purely statutory in Texas, governed by Chapter 14 of the Code of Criminal Procedure.[11] But even under the Fourth Amendment, police must have a warrant to arrest a suspect in his own home,[12] or any other private premises in

---

5. TEX.CODE CRIM. PROC. art.14.03(a)(1) ("Any peace officer may arrest, without warrant: persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or offense under Section 79.02, Penal Code, or threaten or are about to commit some offense against the laws.").

6. *See* TEX.R.APP. P. 66.3(c).

7. TEX.R.APP. P. 33.1(a)(1)(A) and (B); TEX.R. EVID. 103(a)(1); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App.2004).

8. *Heidelberg*, 144 S.W.3d at 539–43 (specific objection under federal constitution did not preserve error under state constitution because, *inter alia*, opposing counsel's questions did not provide context suggesting that the court would obviously have known he was also objecting under state constitutional grounds)

9. *Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim.App.2003); *see also* George E. Dix &

Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 42.03, p. 230 (2d ed. 2001) ("Preservation of error is required, the Court of Criminal Appeals has frequently indicated, in order to provide trial courts or opposing counsel with opportunities to prevent or cure errors so as to permit trial proceedings to continue to a final conclusion free from attack and reversal on appeal.")

10. 175 S.W.3d at 874. *See, respectively, United States v. Watson*, 423 U.S. 411, 423–24, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (Fourth Amendment does not prohibit public arrests upon probable cause); *Hulit v. State*, 982 S.W.2d 431, 436 (Tex.Crim.App.1998) (Article I, § 9 of the Texas Constitution does not require a warrant to effect an arrest that is otherwise "reasonable.")

11. *See* George E. Dix & Robert O. Dawson, 40 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 7.60 & 9.11, pp. 482–84 & 524–25 (2d ed.2001).

12. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

which he may have a reasonable expectation of privacy.[13] The appellant clearly raised federal and state constitutional issues in his motion to suppress, as well as during the pretrial hearing thereon, and the court of appeals rejected them on the merits.[14] The question is whether it should have been obvious to the trial court that he also raised the statutory requirement of a warrant to arrest.

## The Motion to Suppress

■ The appellant first argues that the written motion to suppress expressly challenges the arrest as having been effectuated "without a valid warrant," which he contends is sufficient to put the trial court on notice as to a Chapter 14 objection. However, that phrase must be read in the context of the *entire* sentence, which specifically states that the arrest is objectionable because it was made "without a valid warrant and/or probable cause and exigent circumstances in violation of his rights guaranteed by U.S. CONST. amend. IV, & XIV, and TEX. CONST. Art. 1 sec. 9." While it is thus unmistakable that constitutional objections were being made to the arrest, nowhere does this sentence make it obvious that counsel for the appellant was somehow *also* objecting on Chapter 14 grounds. There is no mention of any provision of Chapter 14. The balance of the written motion attacks the validity of the *search* and is also predicated exclusively on various constitutional, *not* statutory, grounds.

Secondly, the appellant points to the language: "Any use of such illegally obtained evidence would violate the Defendant's right as set forth in Art. 38.23 of

Texas Code of Criminal Procedure, in addition to the before mentioned Constitutional provisions." He maintains that this language made it clear that he was objecting to Chapter 14. We do not see how. The only illegality previously alleged in the motion is, as we have already noted, purely of a constitutional nature. There is no necessary correlation between Article 38.23, our statutory exclusionary rule,[15] and Chapter 14, which deals with arrests without warrants. Article 38.23 applies in equal measure to exclude evidence admitted in violation of federal or state law, constitutional or statutory. A bare reference to it, without more, will not suffice to alert the trial court or opposing counsel which among federal constitutional, federal statutory, state constitutional, or state statutory law has allegedly been violated. In the context of this particular motion to suppress, it is apparent that Article 38.23 was invoked in vindication of the various federal and state *constitutional* violations earlier alleged, not a statutory right that was not even mentioned. The court of appeals erred to conclude otherwise.

## The Pretrial Hearing

■ Additionally, the appellant argues that at the pretrial hearing on the motion to suppress, counsel for the appellant made it obvious during argument to the trial court that he was invoking Chapter 14. It was this argument that formed the basis for the court of appeals' decision to reverse the trial court ruling on the motion to suppress. The court of appeals stated that during the closing argument:

in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted into evidence against the accused on the trial of any crime.").

---

**13.** *Minnesota v. Olson,* 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990).

**14.** 175 S.W.3d at 874.

**15.** TEX.CODE CRIM. PROC. art. 38.23(a) ("No evidence obtained by an officer or other person

[C]ounsel argued, "It's *undisputed* that the officers did not have a search warrant, did not have any sort of arrest warrant." Further, while not using the specific words, "Chapter 14 of the Texas Code of Criminal Procedure," [the appellant's] counsel used the exact language of that chapter during his closing argument when he said, "[T]hey have to either *consent*, which they didn't have, or emergency *exigent circumstances*, which they didn't have . . . . " [16]

Reading this statement in isolation, it does appear to mimic the language of Article 14.05 of the Criminal Code of Procedure, insofar as it referred to "consent" and "exigent circumstances." However, the court of appeals has failed to construe trial counsel's statements within the context of the entire hearing. Nothing about the hearing up to that point would reasonably have alerted the trial court or opposing counsel that the appellant meant to challenge the legality of his arrest under Chapter 14, as opposed to the constitutional provisions cited in his written motion to suppress. Moreover, trial counsel's allusions to "consent" and "exigent circumstances" do not necessarily or exclusively refer to Chapter 14, so as to make it "obvious" that the appellant was raising it in addition to his purely constitutional claims.

Both the evidence developed at the pretrial hearing on the motion to suppress, and the arguments of counsel at the conclusion of that hearing, went almost exclusively to the issue of whether the appellant had a reasonable expectation of privacy in the location searched, and thus, standing to challenge that search. From the description of the property given by the arresting officers, the location where the appellant was found was seemingly abandoned. This suggests that the appellant was a squatter or trespasser on the property and would have at least some difficulty challenging the search of the premises since he had no proprietary right in it. The State, on direct examination of the officers, attempted to establish that the garage apartment did not have any electricity or running water, the main house had been destroyed by fire, the appellant had not notified his parole officer that this location was his current residence, and he did not receive any mail there. Appellant's trial counsel attempted, through cross examination of the arresting officers and during direct examination of the appellant himself, to establish that, while this property was not a traditional home, the appellant did pay rent to the "overseer" of the property, and did have personal possessions at the location. The officers admitted that they never checked to see if the utilities were connected and in fact did not do a thorough enough search of the home to be able to say for certain that it was not the appellant's residence. When he called his client to the witness stand, trial counsel announced to the court, "I am calling my client for the *sole purpose* of establishing standing and expectation of privacy . . . . " [17] At the close of evidence, appellant's counsel argued that the appellant was entitled to a legitimate expectation of privacy in the garage apartment under *Rakas v. Illinois*.[18]

All of this serves to confirm that the appellant was continuing to develop the arguments expressly raised in his written motion to suppress, *viz:* that his arrest violated *constitutional* provisions. Nevertheless, the court of appeals focused on the two statements appellant's trial counsel

---

**16.** *Buchanan, supra* at 875.

**17.** Emphasis added.

**18.** 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

made in his final argument to support its conclusions that the appellant also relied upon statutory law. We will examine those arguments in turn.

■ First, counsel argued that "the officers did not have a search warrant, did not have an arrest warrant." But under the Fourth Amendment, in order to enter a home to conduct any kind of search or seizure, police must have a warrant—either a search warrant authorizing a search for specific contraband or evidence, or an arrest warrant authorizing entry into the home to arrest and conduct any reasonable search incident to that arrest.[19] The mere mention of the lack of an arrest warrant is thus as consistent with the appellant's federal constitutional argument as it is with any argument, otherwise unspecified in the appellant's pleading, proceeding under state law. In context, it gave the trial court and opposing counsel no particular reason to believe that the appellant was raising an objection under Chapter 14.

Second, the court of appeals focused on trial counsel's allusion to consent and exigent circumstances. Both of these terms do indeed appear in Article 14.05.[20] However, both also constitute exceptions to the Fourth Amendment requirement that police obtain either a search warrant or an arrest warrant before gaining entry into a home.[21] Given that the appellant's motion to suppress focused exclusively on alleged constitutional error, and that appellant's counsel concentrated so much of his time and energy at the pretrial hearing on the issue of "standing" to challenge the home-entry, we cannot agree that either the trial court or opposing counsel had fair notice that the provisions of Chapter 14 were also in play. Moreover, even assuming that it should have been apparent to both the trial court and the State that the appellant's counsel was invoking Article 14.05, we do not understand how that can justify the court of appeals' conclusion that the appellant was entitled to a new trial on the basis that he was "obviously" alerting the trial court to a violation of a wholly separate statute, Article 14.03(a)(1).

## CONCLUSION

We hold that the court of appeals erred in concluding that the appellant had obviously raised the issue of the legality of his arrest under Chapter 14 of the Texas Code of Criminal Procedure. The judgment of

---

19. *Payton v. New York, supra.*

20. *See* note 4, *ante.* In 1987, some seven years after *Payton* was decided, the Legislature added the statutory requirement that "an officer making an arrest without a warrant may not enter a residence to make the arrest unless" a resident consented, or exigent circumstances justified the warrantless entry. *See* Acts 1987, 70th Leg., ch. 532, § 1, eff. Aug. 31, 1987. Arguably this statutory protection is broader than its Fourth Amendment counterpart, inasmuch as the statute does not, on its face at least, require a reasonable expectation of privacy in the residence entered, similar to the constitutional requirement identified in *Minnesota v. Olson, supra.* That the appellant was nevertheless probably making only a federal constitutional argument, and not an argument under Article 14.05, is underscored by the fact that, during the pretrial hearing, he focused almost exclusively on the issue of standing and reasonable expectation of privacy. Were trial counsel truly invoking Article 14.05 as a basis for suppressing the evidence, we might have expected him to argue that under the statute, there *is* no standing requirement. In any event, it was not Article 14.05 that the court of appeals held was violated in this case, but Article 14.03(a)(1).

21. In *Payton,* the Supreme Court implicitly recognized these exceptions to the Fourth Amendment warrant requirement for any entry into the home when, before reaching the merits of that question, it carefully explained why neither "exigent circumstances" nor "consent" was a viable issue on the facts of that case. 445 U.S. at 582–83, 100 S.Ct. 1371.

the court of appeals is therefore reversed and, all other issues having been resolved adversely to the appellant in the court of appeals, the judgment of the trial court is affirmed.

HOLCOMB, J., dissented.