Affirmed and Memorandum Opinion filed February 15, 2007








Affirmed and Memorandum Opinion filed February 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00181-CR

_______________

 

JOSEPH WOODS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1028563

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Joseph Woods appeals a conviction for
aggravated robbery[1] on the
grounds that: (1) the evidence was legally and factually insufficient to prove
that he was the person who committed the offense; (2) the trial court abused
its discretion by excluding relevant cross-examination testimony; and (3) the
trial court denied the appellant due process by notifying the jury they would
be sequestered.  We affirm.

 








Sufficiency of the Evidence

Appellant=s first issue contends that the
evidence identifying him as the person who committed the offense is legally
insufficient because: (1) the complainant husband=s identification was unreliable due
to his age, and the cross-racial nature of the identification; and (2) the
complainant wife=s identification was unreliable due to her age and eyesight. 
In reviewing legal sufficiency, we view the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

In this case, both complainants
testified that they had studied the robber's face and had seen it clearly on
the day of the robbery.  Both complainants also identified appellant as the man
who robbed them in a photo array the day after the incident and at trial. 
Additionally, the evidence shows that: (1) after a police chase, appellant
exited the vehicle being pursued and ran from police on foot; and (2) inside
the vehicle, the police found jewelry belonging to the complainants.  Because
this evidence is legally sufficient to prove that appellant was the person who committed
the offense, his first issue is overruled.

Appellant=s second issue asserts that the
evidence was factually insufficient to prove that he committed the offense
because: (1) there was strong alibi testimony; (2) there was evidence that an
unidentified man ran from the car; (3) pawn tickets were found in the car; and
(4) the elderly complainants= identifications were unreliable, as raised in the first
issue.  In reviewing factual sufficiency, we determine whether the evidence,
though legally sufficient, is, when viewed in its entirety in a neutral light,
either too weak to withstand scrutiny or so greatly outweighed by contrary
evidence that the reviewing court can explain with some specific and objective
basis that the verdict represents a manifest injustice.  See Watson v. State,
204 S.W.3d 404, 414B17 (Tex. Crim. App. 2006)








In this case, appellant, his aunt,
and Melvin Monmouth each testified that appellant was at his grandmother=s house when the robbery allegedly
occurred.  Although there is thus conflicting testimony on whether appellant
was the person who committed the robbery, the evidence supporting the
identification is not so weak or greatly outweighed by the contrary evidence as
to render it factually insufficient.[2]  With regard
to the evidence of an unknown individual escaping from police at the end of the
car chase, and pawn tickets being found in the car, appellant=s brief does not demonstrate how
either of these facts are even probative of whether he committed the robbery. 
Therefore, appellant=s second issue is overruled.

Cross-Examination Testimony

Appellant=s third issue alleges that the trial
court denied his constitutional right to present a defense by excluding
cross-examination of officer Jason Shirley regarding whether the complainants
had failed to make an identification of appellant=s co-defendant when they first had
the chance.[3]  Appellant
asserted that this testimony was relevant to undermine the complainants= credibility in identifying the
appellant, which he alleges was the sole issue in the case.








Appellant=s trial counsel made an offer of
proof (which the trial court called a bill of exceptions)[4]
in which he stated that the excluded testimony would have shown that the
complainants were unable to identify appellant=s co-defendant in the photo spread. 
However, because appellant has provided no explanation regarding how the
circumstances surrounding the complainants= inability to identify the
co-defendant compare to those pertaining to their identification of appellant,
we have no basis to evaluate whether either even bears upon, let alone casts
doubt on, the other.[5]  Accordingly,
his third issue affords no basis for relief and is overruled.

Deadlocked Jury

Appellant=s fourth issue contends that the
trial court denied him due process when, after receiving a jury note indicating
deadlock, it ordered the jury to continue deliberating and included an
instruction describing jury sequestering.  Appellant argues that, by indicating
to the jurors that they would be sequestered, he put pressure on the remaining
holdout, which then caused the jury to return a guilty verdict shortly
thereafter.

To preserve an issue for appeal, the
complaining party must make an objection or  request as soon as the grounds for
doing so become apparent in order to provide the trial court an opportunity to
correct any error before it results in the need for a retrial.  See Tex. R. App. P. 33.1(a)(1);  Buchanan
v. State, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006).

In this case, before giving the
complained of instruction to the jury, the trial court asked whether counsel
had any objections, and appellant=s counsel stated that he had none.  He complained of this matter for the first time only after
the jury had reached its verdict on guilt.  Because appellant thereby waived
any objection, this issue presents nothing for our review.  In addition,
because appellant cites no authority holding that any such action by a trial
court is improper[6] (or even any
evidence from the jurors showing that the court=s instruction had the alleged
effect), this issue would afford no basis for relief even if it had been
preserved.  

 








Therefore, appellant's fourth issue
is overruled, and the judgment of the trial court is affirmed.

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed February 15, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).                                                                                   









[1]           A jury found appellant guilty and assessed
punishment at 35 years confinement.





[2]           Santellan v. State, 939 S.W.2d 155,
166 (Tex. Crim. App. 1997) (concluding that a factual sufficiency challenge
will not be sustained simply because the record contains conflicting evidence
upon which the fact finder could have reached a different conclusion).





[3]           The trial court sustained the State=s objection to the relevance of this testimony.





[4]           See Mack Trucks, Inc. v. Tamez, 206
S.W.3d 572, 576 n.4 (Tex. 2006) (stating offer of proof is sometimes referred
to as a bill of exceptions); Warner v. State, 969 S.W.2d 1, 2 (Tex.
Crim. App. 1998) (stating that an offer of proof may be in question‑and‑answer
form, or it may be in the form of a concise statement by counsel).





[5]           Additionally, because appellant failed to
assert in the trial court that the exclusion of this testimony was a denial of
his constitutional right to present a defense or to compulsory process,
appellant has not preserved that complaint for our review. 





[6]           In Jenkins v. United States, the
only case cited by appellant in support of his contention, the Supreme Court
held that a trial judge=s statement, "you have got to reach a decision in
this case," made to a deadlocked jury, in its context and under all the
circumstances, was coercive.  380 U.S. 445, 446 (1965).  However, appellant=s brief fails to address how this case supports his
argument that the trial court coerced the jury by indicating to them merely
that they would be sequestered.