COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CESAR RODRIGUEZ, | § | No. 08-08-00223-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D00906) |
| | § | |

**O P I N I O N**

A jury convicted Appellant, Cesar Rodriguez, of robbery, found his two prior felony convictions true, and assessed punishment at thirty-five years' imprisonment and a $10,000 fine.[1] On appeal, Appellant challenges the trial court's admission of testimony at the punishment phase of the trial. Finding his complaint not preserved for our review, we affirm.

**BACKGROUND**

Sometime between 6:30 and 7 p.m., Gloria Olivas was walking to the store when Appellant, Fernando Lopez, and Fernando's little brother surrounded her and demanded that she "[f]ork over the fuck'n money." Scared that they might rape or beat her, Olivas turned out her pockets, telling them that she had no money. Appellant then told Fernando to "take [her] fuck'n ring," but despite Olivas' attempts to dislodge the ring, it would not come off of her finger. At that point, one of the men fell backwards, and Olivas took the opportunity to run to the store and call the police. Appellant and his accomplices were later caught, after initially absconding from police efforts to

---

[1] Although the judgment recites that Appellant only pled true to one enhancement, the indictment alleged two, Appellant pled to two at the beginning of the punishment phase, the court's punishment charge recited Appellant's plea of true to two enhancements, and the jury's verdict shows that Appellant pled true to two enhancements. Thus, we believe the trial court's judgment is merely a clerical error.

detain them, and Olivas identified the three men as her attackers.

## DISCUSSION

On appeal, Appellant asks us to reverse for a new punishment hearing, contending that the trial court abused its discretion by admitting hearsay testimony in violation of Texas Rule of Evidence 405[2] and article 37.07, § 3(a)(1) of the Texas Code of Criminal Procedure.[3]  The State responds that Appellant's issue is not preserved for our review and that, in the alternative, the testimony was admissible.  Agreeing that Appellant's issue is not preserved for our review, we need not address the merits of his complaint.

### *Applicable Facts*

During the punishment phase of the trial, Olivas testified that she has lived in Canutillo – the city where the robbery occurred – for six years.  Olivas was aware of Appellant's reputation in the community and that it was bad.  When the prosecutor asked Olivas what she meant, Olivas responded that "they are just going around trying to steal."  At that point, Appellant objected:

> [Defense Counsel]:  Your Honor, I would object to the hearsay.
>
> [The Court]:  It's reputation.  I'll overrule that objection.

---

[2]  Rule 405(a) provides that "[i]n all cases in which evidence of a person's character or character trait is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.  In a criminal case, to be qualified to testify at the guilt stage of trial concerning the character or character trait of an accused, a witness must have been familiar with the reputation, or with the underlying facts or information upon which the opinion is based, prior to the day of the offense.  In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct."  TEX. R. EVID. 405(a).  Rule 405(b) states that "[i]n cases in which a person's character or character trait is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct."  TEX. R. EVID. 405(b).

[3]  Article 37.07, Section 3(a)(1) states that "[re]gardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act."  TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2009).

Detective Jeff Gibson, an expert in gang recognition, knew Appellant from personal contact as a patrolman and as a gang officer. Gibson also knew Appellant was a "hard-core member of the Barrio Canutos" gang, that the Barrio Canutos gang was a very old Hispanic street gang, that the gang's purpose is to excite its members through the commission of criminal offenses without getting caught, and that Appellant's gang nick-name was "Cricket." When the prosecutor questioned whether he was familiar with Appellant's reputation within the gang, Gibson replied that Appellant was "respected within the gang, because he's – they call him 'Crazy,' (Spanish). He pushes the envelope at all times. They respect that. He fights quite frequently." Again, Appellant objected:

> [Defense Counsel]: Your Honor, I'd like to object. I don't know if he's testifying from some hearsay or he's testifying from [h]is own personal observations.
>
> [The Court]: Reputation testimony by definition is hearsay.
>
> [Defense Counsel]: Well, then I object to the hearsay, Your Honor–
>
> [The Court]: All right. That–
>
> [Defense Counsel]: –and a limiting instruction on this and a mistrial.
>
> [The Court]: That objection is overruled.

*Preservation of Error*

To preserve a complaint for appellate review, the complaining party must present his objection to the trial court with specificity, and obtain an adverse ruling thereon. *See* TEX. R. APP. P. 33.1(a). Even when an objection lacks specificity, so long as the trial court can determine the context therefrom, the complaint will be preserved. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). However, the objection ruled on by the trial court must comport with that presented on appeal. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998) (op. on reh'g); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). If it does not, nothing is preserved

for our review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

Here, each time Appellant raised his hearsay objection, the trial court overruled the objections, noting that such reputation testimony, although hearsay, was not excluded under the rules. It is clear that the trial court understood Appellant's objection to be that hearsay evidence is not admissible under Rule 802, but the trial court properly recognized that reputation of a person's character among associates or in the community is not excluded by the hearsay rule. *See* TEX. R. EVID. 802 (hearsay is inadmissible); *see also* TEX. R. EVID. 803(21) (reputation testimony is not excluded by the hearsay rule). Appellant did not assert any other objections to the testimony or clarify before the trial court that his objection was made under other rules or statutes.

On appeal, Appellant does not argue that the testimony was inadmissible hearsay but rather artfully asserts that such "hearsay" testimony constituted extraneous crimes or bad acts that should have been excluded under Rule 405 and article 37.07. However, those objections were never presented to the trial court. As Appellant's complaints on appeal do not comport with his objections at trial, we hold nothing is presented for our review and overrule his sole issue. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (holding hearsay and relevancy objections made at trial did not comport with claim of inadmissible extraneous offense evidence on appeal); *Batiste v. State*, 217 S.W.3d 74, 82 (Tex. App.–Houston [1st Dist.] 2006, no pet.) ("Here, as soon as Robinson testified that he found marihuana in the trunk of the car, Batiste's trial counsel objected as to relevancy. His trial counsel, however, never objected that the testimony should be excluded as extraneous offense evidence under Rule 404(b). Nothing in the record indicates that the correct ground of exclusion was obvious to the trial judge or opposing counsel. As in *Camacho* and *Johnson*, the proper legal basis for appellant's trial objection 'should have been that the evidence was offered to prove an extraneous uncharged offense not within the permissible scope of Rule 404(b)

and was offered to show that appellant was a criminal generally.'  Since Batiste's objection did not address the correct evidentiary basis for exclusion, which in turn did not afford the trial judge an opportunity to rule on the issue, this argument has not been preserved for appeal.") (citations omitted).

## CONCLUSION

Having found nothing was presented for our review, we overruled Appellant's sole issue. We further reform the trial court's judgment to reflect a plea and finding of true to two enhancement allegations.  Accordingly, we affirm the trial court's judgment as reformed.


GUADALUPE RIVERA, Justice

May 28, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)