**Opinion issued February 28, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00590-CR

———————————

**ERIC EARL FISHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1313629**

---

## MEMORANDUM OPINION

Appellant, Eric Earl Fisher, was charged by indictment with robbery.[1]

Appellant pleaded not guilty. A jury found him guilty. The trial court found two

---

[1]     *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 2011), § 31.03(a) (Vernon
Supp. 2012).

enhancement paragraphs to be true and sentenced appellant to 45 years' confinement. In three issues on appeal, appellant argues that (1) the trial court abused its discretion by denying his motion to suppress because he was improperly arrested without an arrest warrant, (2) his due process rights were violated when the State failed to timely disclose *Brady* evidence, and (3) the trial court erred by denying his motions to instruct the jury to disregard certain hearsay evidence.

We affirm.

## Background

Engram Wilkinson was traveling through Houston on his way from Austin to New Orleans. He stopped for gas at a station in east Houston. While he was filling his gas tank, a black male approached him and asked for money. Wilkinson told him he did not have any money, and the man walked away. A moment later, the man returned asking for cigarettes or marijuana. Wilkinson said he did not have any and got into his car to leave. Once Wilkinson was in the car, the man stepped up to the open car door and told Wilkinson not to move or he would shoot him. The man took Wilkinson's wallet, cell phone, car keys, iPod, and iPod charger.

The man then walked to another car and got in. Before the car drove away, Wilkinson read the license plate number. After the car left, Wilkinson walked into the store at the gas station and asked the clerk to call the police. Wilkinson later identified appellant in a photo line-up.

2

A few hours later, Deputy J. Lewis heard a police broadcast that the car used in the robbery had been spotted in an area of town near him. Deputy Lewis spotted the car and pulled it over. Appellant was in the car. Deputy Lewis immediately put him under arrest. During the search incident to the arrest, Deputy Lewis found in appellant's pockets a number of items that had been in Wilkinson's wallet. Wilkinson's cell phone was later found in the car.

The day before appellant's trial setting, the State filed a notice that a deputy from the Harris County Sherriff's Department who was involved in the case and had been subpoenaed to appear at trial had been terminated for policy violations and for supplying drugs to his girlfriend. The next day, the State filed a subpoena for another deputy to testify. The same day, appellant moved for a continuance.

During the hearing, the State explained that it had provided a *Brady* notice as soon as it was aware of the termination. Appellant's counsel then stated, "Well, as far as *Brady*, I don't have a problem with it. It's the subpoena that we're addressing here." Appellant's counsel explained that they needed additional time to learn more about the substituted deputy. The trial court denied the motion.

Before trial, appellant had filed a motion to suppress based on the State's failure to get a search warrant before searching appellant. During trial, appellant proceeded on the motion. Appellant argued that the State had sufficient time to get

3

a search warrant before his arrest and, by failing to do so, the warrantless search was improper. The trial court denied the motion to suppress.

During the State's examination of two deputies at trial, the deputies testified about hearsay statements. For four of these instances, appellant objected, and the trial court sustained the objections. Appellant then moved for instructions for the jury to disregard and for mistrial. The trial court denied these motions.

## Motion to Suppress

In his first issue, appellant argues that the trial court abused its discretion by denying his motion to suppress because he was improperly arrested without an arrest warrant. The State argues that this issue has not been preserved for appeal. We agree.

The State correctly points out that appellant's brief repeatedly fails to recognize the distinction between an arrest warrant and a search warrant. In fact, appellant identifies his first issue as "The lapse of several hours between the robbery, the identification of a possible suspect in the case, and the eventual arrest of [appellant] required the State to obtain a search warrant before arresting [appellant] and seizing property from him." Throughout his argument of this issue, appellant uses the terms "search warrant" and "arrest warrant" interchangeably.

The legal authority appellant relies on, however, almost exclusively concerns the legality of warrantless arrests. *See, e.g.*, TEX. CODE CRIM. PROC.

4

ANN. arts. 14.01–.04 (Vernon 2005 & Supp. 2012) (concerning arrests without warrants). Appellant dedicates the vast majority of this section of his brief arguing that the State failed to establish that it had met the requirements under article 14.04 of the Texas Code of Criminal Procedure for a warrantless arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 14.04 (permitting warrantless arrest when it has been adequately shown to a police officer that a felony has been committed and that the offender is about to escape without any time to procure a warrant). Appellant only cites to two cases on warrantless searches and only for general propositions of law. *See Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991) (holding "[t]he 'totality of the circumstances' test applies in Texas for determining probable cause for a warrantless search and seizure"); *Minnesota v. Dickerson*, 508 U.S. 366, 372 113 S. Ct. 2130, 2135 (1993) (holding warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions"). Appellant provides no specific argument for why the warrantless search was improper other than to say it derived from a warrantless arrest.

At trial, however, appellant's argument in his motion to suppress and the hearing on the motion concerned only the validity of the warrantless search. Appellant argued that the State lacked a reasonable basis to search him. Appellant made no complaint about the warrantless arrest.

Complaints about a warrantless arrest are distinct from complaints against a warrantless search.  Raising one does not preserve the other.  *See Buchanan v. State*, 207 S.W.3d 772, 777 (Tex. Crim. App. 2006) (holding that constitutional complaints about warrantless search at trial did not preserve for appeal statutory complaints about warrantless arrest).  When an appellant's complaint at trial does not comport with the issue raised on appeal, the issue on appeal has not been preserved for our review.  *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (citing TEX. R. APP. P. 33.1).  To the degree appellant was attempting to raise a complaint about the warrantless search with two legal citations but no accompanying legal analysis, we hold it is has been inadequately briefed.  *See* TEX. R. APP. P. 38.1(i); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (overruling points of error as inadequately briefed when appellant failed to present argument and authorities as required by Texas Rule of Appellate Procedure 38.1).

Accordingly, we overrule appellant's first issue.

### *Brady* **Violation**

In his second issue, appellant argues that his due process rights were violated when the State failed to timely disclose *Brady*[2] evidence.  The State argues this issue was explicitly waived at trial.  We agree.

---

[2]  *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963) (holding "the suppression by the prosecution of evidence favorable to an accused upon

The day before appellant's trial setting, the State filed a notice that a deputy from the Harris County Sherriff's Department, who was involved in the case and had been subpoenaed to appear at trial, had been terminated for policy violations and for supplying drugs to his girlfriend. The next day, the State filed a subpoena for another deputy to testify. The same day, appellant moved for a continuance.

During the hearing, the State explained that it had provided *Brady* notice as soon as it was aware of the termination. Appellant's counsel then stated, "Well, as far as *Brady*, I don't have a problem with it. It's the subpoena that we're addressing here." Appellant's counsel explained that they needed additional time to learn more about the substituted deputy. The trial court denied the motion.

On appeal, appellant argues that the State failed to provide timely notice that the original deputy had been fired and the reasons for the firing. Appellant argues this is a *Brady* violation. Appellant makes no mention of the need to investigate the substituted deputy. The issue on appeal does not comport with the complaint made at trial. Accordingly, the issue on appeal has not been preserved. *See Swain*, 181 S.W.3d at 367 (citing TEX. R. APP. P. 33.1). Instead, it was expressly waived.

We overrule appellant's second issue.

---

request violates due process where the evidence is material either to guilt or to punishment").

**Instruction to Disregard**

In his third issue, appellant argues the trial court erred by denying his motions to instruct the jury to disregard certain hearsay evidence. In his harm analysis, however, appellant does not argue that this error, standing alone, created reversible error. Instead, his argument for reversible error is contingent upon our having sustained his first issue concerning the warrantless arrest. Without the evidence obtained stemming from his arrest, appellant argues the bolstering hearsay evidence would have had a more significant and injurious effect.

Because we have overruled his first issue, appellant's basis for alleging harm in this issue necessarily fails. Accordingly, we overrule appellant's third issue.

**Conclusion**

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

8