

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00429-CR**

TERRY PATRICK HARGISS                                                APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Terry Patrick Hargiss appeals his conviction for the offense of failure to comply with sexual offender registration requirements.[2]  In one point,

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. art. 62.102 (West 2013).

Hargiss argues that the trial court erred by overruling his objection to comments made by the prosecutor during closing arguments and that he is entitled to a new trial. We will affirm.

## II. BACKGROUND

A court convicted Hargiss of the aggravated sexual assault of a child on January 3, 1997. As a result of his conviction and resulting designation as a sex offender, Hargiss was required to report his residence and visitations to other jurisdictions for the rest of his life. Hargiss complied with these registration requirements through 2009. But officials discovered that for a period of time in 2011, Hargiss failed to comply with these requirements. Thus, the State charged Hargiss with the offense of failure to comply with sexual offender registration requirements.

At trial, the following colloquy transpired during the State's closing argument:

> [Prosecutor]: [] Hargiss is allegedly a Vietnam veteran, according to his testimony. *Ladies and gentlemen, he's also a man who committed [the offense of] aggravated sexual assault of a child.*
>
> [Defense Counsel]: Your Honor, I would have to object to [the prosecutor's] last argument. That's not the issue of this trial.
>
> THE COURT: *Overruled.*

This colloquy serves as the foundation for Hargiss's sole point on appeal, and we have duplicated the emphasis he applied to this exchange in his brief. A

jury convicted Hargiss and assessed punishment at twelve years' confinement. The trial court sentenced him accordingly, and this appeal followed.

## III. DISCUSSION

In one point, Hargiss argues that the trial court "erred in overruling defense counsel's objection to an instance of improper jury argument by the State." We hold that Hargiss forfeited any potential error for our review.

It is well established that in order to preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context. *See* Tex. R. App. P. 33.1(a)(1)(A), (B); Tex. R. Evid. 103(a)(1) (West 2003); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is obvious to the court and to opposing counsel. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). When the objection is not specific and the legal basis is not obvious, it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal. *Id.* Furthermore, a point of error on appeal must comport with the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).

Here, it is not clear from Hargiss's objection what he was objecting to at trial. Hargiss's objection to the prosecutor's argument was "That's not the issue

3

of the trial." One could read the objection as Hargiss having objected to the prosecutor's comment that he had previously been convicted of aggravated sexual assault of a child. Indeed, on appeal, the State interprets Hargiss's trial objection as such, and the State's reply to this court is that Hargiss allowed this same evidence in at other points during the trial; thus, he failed to preserve the issue for our review by not objecting each time the State presented evidence of, or commented on, his previous sexual assault conviction. *See Wall v. State*, 143 S.W.3d 846 (Tex. App.—Corpus Christi 2004), *aff'd as modified and remanded*, 184 S.W.3d 730 (Tex. Crim. App. 2006) (holding that defendant failed to preserve his improper jury argument when prosecutor argued on three separate occasions that defendant should have received life sentence because of his propensity for violence and that he might one day commit murder, but defendant failed to object first two times such statements were made).

The imprecise nature of Hargiss's objection and the State's interpretation of the objection are further clouded by the manner in which Hargiss brings his point on appeal. In part of his argument, Hargiss states that the prosecutor's comments were "significant" because they created "a danger [that] the jury could convict [] Hargiss of being a person of general bad criminal character, rather than a person to whom the presumption of innocence applied." Hargiss further reinforces the State's interpretation of his argument by choosing to emphasize the prosecutor's comment regarding his past conviction, while choosing not to

4

emphasize the remainder of the prosecutor's statement. But Hargiss seems to ultimately concede that "his past [offense] was subject to comment."

Hargiss's point on appeal appears to be that the prosecutor's comment was impermissibly prejudicial because the comment "asked the jury to compare his good behavior ([his] service to the country) versus his bad behavior (his past conviction)." As Hargiss explains in his brief to this court, "the [prosecutor's] remarks were prejudicial because they concerned an improper comparison between things done in his past which the jurors were indirectly asked to compare when deciding whether he was guilty or not guilty." But this specific ground is not apparent from the context in which Hargiss lodged his objection at trial. *See* Tex. R. App. P. 33.1(a)(1)(A), (B).

Thus, to the extent that Hargiss argues that this comparison was impermissible, we conclude that the legal basis for his objection was not obvious to the trial court and opposing counsel and that therefore he forfeited this issue on appeal. See *Heidelberg*, 144 S.W.3d at 537. And to the extent that Hargiss's objection at trial regarded the prosecutor having allegedly impermissibly commented on his previous conviction, his point on appeal does not comport with his objection made at trial. *See Thomas*, 723 S.W.2d at 700. We overrule Hargiss's sole point on appeal.

## IV. Conclusion

Having overruled Hargiss's sole point on appeal, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

WALKER, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 20, 2014