

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00231-CR

JARVIS DEMOAN FISHER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd District Court
Dallas County, Texas
Trial Court No. F14-53102-T

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Thirteen-year-old J.R. was sexually assaulted when she visited a park in Dallas[1] with her cousin. Jarvis Demoan Fisher was arrested in connection with the offense and was charged with aggravated sexual assault of a child.[2] Fisher entered an open plea of guilt and elected to have the trial court assess punishment. He was sentenced to fifteen years' incarceration. At the punishment trial, J.R.'s mother was permitted to testify that she believed Fisher should receive prison time for his crime. In a single issue, Fisher contends the trial court erred by allowing this testimony. We affirm the trial court's judgment.

The challenged testimony followed the witness' explanation of how the sexual assault affected J.R. The witness was then asked to explain what she wanted "to see happen." Defense counsel then stated, "Your Honor, I'm gonna object to that as improper." The trial court overruled the objection, after which the witness testified,

> He's -- He won't feel the pain that [J.R.] felt. I can't feel that pain. Me, as a parent, I feel a totally different pain. He took her innocence from her. We can't get that back. So it's like he took something from her so why can't I take, you know, I want to take his freedom from him. I want prison time.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014).

Fisher contends this testimony should have been excluded because it was not relevant under Rule 701 of the Texas Rules of Evidence.[3]  *See* TEX. R. EVID. 701; *see also Sattiewhite v. State*, 786 S.W.2d 271, 290–91 (Tex. Crim. App. 1989) (prohibiting disinterested expert opinion testimony about what sentence defendant should receive); *Hughes v. State*, 787 S.W.2d 193, 196 (Tex. App.—Corpus Christi 1990, pet. ref'd) (disallowing non-expert testimony concerning appropriate sentence).

The State contends, however, that counsel's objection that the question was merely "improper" was too general to preserve error.  To preserve an issue for appeal, a timely objection must be made that states the specific ground for the objection, if the specific ground is not apparent from the context.  *See* TEX. R. APP. P. 33.1; *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006).  "A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection *is obvious* to the court and to opposing counsel." *Buchanan*, 207 S.W.3d at 775.  When the legal basis of a general objection is not obvious, "it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal."  *Id*. (footnotes omitted).

---

[3]Rule 701 of the Texas Rules of Evidence provides,

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a)  rationally based on the witness's perception; and
>
> (b)  helpful to clearly understanding the witness's testimony or to determining a fact in issue.

TEX. R. EVID. 701.

> The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint. Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

*Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009) (internal footnote citations and quotations omitted). Counsel failed to apprise the trial court of the basis for the objection—asserted on appeal to be Rule 701. *See* TEX. R. EVID. 701. The basis for this general objection was not obvious.[4] Consequently, we must conclude that error was not preserved in the trial court for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Buchanan*, 207 S.W.3d at 775; *Robinson v. State*, 701 S.W.2d 895, 900 (Tex. Crim. App. 1985) ("Appellant's objection [to the question as improper] is so general as to amount to no objection at all.").[5]

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    July 10, 2015
Date Decided:     July 17, 2015

Do Not Publish

---

[4]For example, the claimed impropriety of the question could have been based on Rule 401, *see* TEX. R. EVID. 401 (relevant evidence); Rule 403, *see* TEX. R. EVID. 403 (exclusion of relevant evidence on special grounds); Rule 701, *see* TEX. R. EVID. 701 (opinion testimony by lay witnesses).

[5]Here, Fisher elected to have his punishment determined by the trial court without a jury. Consequently, even assuming the evidence was not admissible, there was no risk that the question or the response would influence a jury, and nothing in the record indicates that the trial court based its decision on the complained-of evidence.