# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00600-CR

**Victorio Nepomuceno, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 71550, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Victorio Nepomuceno of aggravated sexual assault. *See* Tex. Penal Code § 22.021. The trial court assessed punishment at forty-five years' imprisonment. *See id*. §§ 12.32, 22.021(e). In two issues, appellant contends that the trial court erred in overruling his objection to a portion of the prosecutor's closing arguments to the jury. We will affirm the trial court's judgment of conviction.

## BACKGROUND

The State indicted appellant for "intentionally or knowingly caus[ing] the penetration of the anus of [H.C.], a child who was then and there younger than 14 years of age, by [appellant's] sexual organ." At trial, the jury heard the testimony of H.C., H.C.'s sister, and a police officer who investigated the allegation of sexual abuse. H.C. testified that appellant regularly babysat him and his siblings overnight at appellant's home when H.C. was eight or nine years old. He testified that

on several occasions, appellant made him engage in sexual acts, including making him get down on his hands and knees while appellant penetrated his anus with his sexual organ.

H.C.'s sister testified that she was lying in bed one night at appellant's home when she saw H.C. on his hands and knees on the floor with appellant on top of him "rap[ing] him." She testified that she wanted to say something when she saw what was happening, but she was "very terrified and scared because [she] didn't know what was happening to [H.C.]," and her "voice got stuck in [her] throat." She testified that she later asked H.C. about what happened, and he insisted that nothing happened. H.C. testified that he lied to her and denied that anything happened because he was afraid appellant would hurt her if he found out she knew. H.C.'s sister testified that she told her younger sister what she saw but then she ultimately convinced herself that she had not seen anything and that it was only a nightmare.

H.C. testified that sometime after he and his family had moved away from appellant, his mother came home from a shopping trip with his sisters and asked him whether appellant had ever done anything to him. He assumed that his sisters told his mother what happened, so he "told her the truth" about what appellant did to him. H.C.'s sister testified that she was shopping with her mother and younger sister when her younger sister told her mother what appellant did to H.C. H.C.'s sister further testified that her mother became very upset and took them home, where she discussed the situation with H.C. and called the police.

The police officer assigned to the case testified that she interviewed H.C. at the police station and then arranged for him to be interviewed at the Children's Advocacy Center ("CAC"), where employees were trained in interviewing children who were allegedly abused. Appellant was

2

ultimately arrested and tried, and a jury found him guilty of aggravated sexual assault. The trial court then sentenced him to forty-five years' imprisonment. This appeal followed.

## DISCUSSION

Appellant raises two issues on appeal, asserting that the trial court erred in overruling his objection to statements the prosecutor made during closing arguments because (1) the prosecutor, "in an effort to bolster the testimony of the complaining witness . . . made reference to evidence that had never been offered in evidence during the trial," and (2) the statements "amounted to the prosecutor offering unsworn testimony." We review a trial court's ruling on an objection to improper jury argument under an abuse-of-discretion standard. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010); *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004); *Thomas v. State*, No. 05-14-01589-CR, 2016 WL 259761, at *6 (Tex. App.—Dallas Jan. 21, 2016, pet. filed) (mem. op., not designated for publication). "The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

The statements appellant refers to pertain to the two interviews of H.C., one of which occurred at the police station and the other of which was videotaped at the CAC. Neither the State nor the defense offered the videotaped interview as evidence at trial, and the prosecutor made the following statements during closing arguments:

> On April 2nd of 2013, [H.C.] talked to [the police officer] at the Nolanville Police
> Department. And she asked him basically what happened, and he told her. And then
> she made a report. You know, [defense counsel] is a fine lawyer. If there was some
> kind of major discrepancy in what she—you know, what he told her then, don't you

3

know you would have heard about it?  And then [the police officer] set up a meeting with the Tarrant County Child Advocacy Center where [H.C.] went and was interviewed on camera.

And, you know, if the story was changed, don't you know that the first thing that [defense counsel] would be doing is, look how the story has changed.  Let's see the video.

After the prosecutor made the above statements, defense counsel stated, "Judge, I'm going to object to that.  That video wouldn't have—and I object to that."  The trial court overruled the objection.  The State contends that appellant waived error on both issues by failing to make a specific objection that comported with his complaints on appeal.  An objection must be sufficiently specific to make the trial court aware of the complaint and must comport with the complaint made on appeal in order to be preserved for review.  *See* Tex. R. App. P. 33.1(a) (objection must state grounds for ruling sought from trial court with sufficient specificity to make trial court aware of complaint unless specific grounds are apparent from context); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The point of error on appeal must comport with the objection made at trial."); *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (general or imprecise objection suffices to preserve error "only if the legal basis for the objection is obvious to the court and to opposing counsel").  Because appellant made only a general objection to the statements at trial and did not mention the complaints he raises on appeal, we conclude that he waived error on both issues.  Accordingly, we do not address the merits of appellant's claims.  *See Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g) ("[I]t is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits.").

4

Even if appellant had not waived error, a review of the record shows that the prosecutor's statements, if improper, were harmless. Improper jury argument is considered non-constitutional error. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Non-constitutional error that does not affect a defendant's substantial rights must be disregarded. *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). In determining whether a defendant's substantial rights were affected by improper jury argument, courts should balance the following three factors: (1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *See Mosley*, 983 S.W.2d at 259. Improper jury argument "will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Id.*

Here, the inference suggested by the prosecutor in his statements—that there was no difference between what H.C. said in his interview at the police station and his later videotaped interview at the CAC—was already affirmatively put into evidence during the testimony of the police officer who interviewed H.C. Specifically, the police officer testified that she interviewed H.C. at

5

the police station and then arranged for him to be interviewed again at the CAC. She testified that the CAC interview was videotaped and that she reviewed the videotape after the CAC sent her a copy. The following exchanges then occurred during the police officer's direct and cross examination:

Prosecutor: [W]as there anything on [the videotape] that was different than what he told you?

Police officer: No, not at all.

. . . .

Defense counsel: At some point, did you say that there was some difference between what [H.C.] said to you and what he said on the [videotaped] interview?

Police officer: No, there was no difference.

The admission of evidence and jury argument is harmless when the same evidence or argument was offered and admitted elsewhere without objection. *See Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991) ("[T]he admission of [one witness's] testimony without objection rendered the admission of [a second witness's] testimony harmless because it established substantially the same evidence."); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) ("Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove."); *Foreman v. State*, No. 08-13-00042-CR, 2015 WL 129025, at *5 (Tex. App.—El Paso Jan. 9, 2015, no pet.) (not designated for publication) (prosecutor's argument to jury was harmless where prosecutor made similar argument later in closing arguments with no objection).

6

Further, the strength of the evidence supporting appellant's conviction also supports a finding that the prosecutor's statements, if improper, were harmless. Specifically, H.C. testified in detail about numerous sexual assaults, including appellant "inserting his penis into [H.C.'s] anus" and "raping [him]." H.C.'s sister testified that she was in bed one night when she saw H.C. on his hands and knees and saw appellant "get on top of him and rape him." The defense argued during closing arguments that H.C. and his sister were not credible but did not provide any arguments as to why they might fabricate the allegations.

Considering that the police officer testified affirmatively with respect to the same evidence that the prosecutor suggested as an inference in closing arguments, and considering the strength of the evidence supporting appellant's conviction, we conclude that the prosecutor's statements, if improper, were harmless. *See* Tex. R. App. P. 44.2(b); *Mosley*, 983 S.W.2d at 259; *Mayes*, 816 S.W.2d at 88; *Anderson*, 717 S.W.2d at 628; *Foreman*, 2015 WL 129025, at *5.

Given the foregoing, we overrule appellant's two issues.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment of conviction.

 

                                                            _____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   August 10, 2016

Do Not Publish