02-10-196-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00196-CR

 

 


 
 
 Johnny Roy Wallace Jr. a/k/a Johnny R. Wallace Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          A
jury convicted Appellant Johnny Roy Wallace Jr. a/k/a Johnny R. Wallace Jr. of
possession of more than four but less than 200 grams of cocaine, and the trial
court sentenced him to twenty years’ confinement.  In two points, Wallace argues
that the evidence is insufficient to support his conviction and that the trial
court erred by admitting certain evidence.  We will affirm.

II.  Background

          Around
1:00 a.m. on June 30, 2009, Wallace made an illegal U-turn in the vehicle that
he was driving in front of the marked patrol car that Officer Francis Anderson was
driving.  Officer Anderson hit her brakes, turned on the emergency lights,
parked her patrol car, and approached Wallace, who was the only person in his
vehicle.  Officer Anderson had a “good view” inside of Wallace’s vehicle and asked
him for his driver license and insurance.  Wallace told Officer Anderson that
he had some “weed” in the car, and Officer Anderson observed a plastic baggie that
contained what appeared to be a white, powdery substance as Wallace was “trying
to fidget” with his right hand.  Officer Anderson proceeded to open the door
and asked Wallace to get out of the vehicle.  When Wallace exited the vehicle,
a plastic baggie containing a white substance dropped onto the ground, and Wallace
shoved Officer Anderson and ran off.  With the help of another officer, Officer
Anderson pursued Wallace and eventually caught and arrested him.

          Officer
Anthony Taylor responded to provide assistance and arrived at the scene within
a minute or two of the call.  He approached Wallace’s vehicle and observed a
clear plastic bag that contained a white substance lying on the ground near the
driver’s side door.  Subsequent testing showed that the substance weighed .72
grams and contained cocaine.  Officer Taylor searched Wallace’s vehicle and
found what tests later confirmed to be (1) 39.93 grams of marijuana in the
glove box and (2) 6.36 grams of cocaine (in “cookie” form) in the driver’s
side door pocket.  Officer Taylor released the narcotics to Officer Anderson
when she returned to the scene.

III.  Evidentiary
Sufficiency

          In
his first point, Wallace challenges the sufficiency of the evidence to support
the “possession” element of the charged offense, arguing that the evidence is insufficient
to affirmatively link him to the 6.36 grams of cocaine discovered in his
vehicle.

          In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  This standard gives
full play to the responsibility of the trier of fact to resolve conflicts in
the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole
judge of the weight and credibility of the evidence.  See Tex. Code
Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564,
568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  We
must presume that the factfinder resolved any conflicting inferences in favor
of the prosecution and defer to that resolution.  Jackson, 443 U.S. at
326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

          To
support Wallace’s conviction, the State had to show that he intentionally or
knowingly “possessed” between four and 200 grams of cocaine.  See Tex.
Health & Safety Code Ann. § 481.115(a), (d) (West 2010).  To prove
possession, the State was required to show that Wallace (1) exercised
actual care, custody, control, or management over the substance and (2) knew
that the matter possessed was contraband.  See Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005); see also Tex. Health &
Safety Code Ann. § 481.002(38) (West 2010); Tex. Penal Code Ann. § 6.01(b)
(West 2011) (defining when possession is voluntary).  Wallace does not argue
that he did not know that the 6.36 grams of cocaine was contraband; therefore,
we focus on the evidence demonstrating his actual care, custody, control, or
management of the cocaine.  See Poindexter, 153 S.W.3d at 405.

          When
the accused does not have actual possession of the controlled substance or
exclusive possession of the locale where the controlled substance was found, it
cannot be concluded or presumed that the accused had possession over the
contraband unless there are additional independent facts or circumstances that
tend to connect or link the accused to the knowing possession of the contraband. 
Id. at 406 (quoting Deshong v. State, 625 S.W.2d 327, 329 (Tex.
Crim. App. [Panel Op.] 1981)).  This is because, whether the evidence is direct
or circumstantial, it must establish that the defendant’s connection with the
contraband was more than fortuitous.  Evans v. State, 202 S.W.3d 158,
161 (Tex. Crim. App. 2006).  Relevant non-exclusive links tending to connect
the defendant to knowing possession include (1) the defendant’s presence
when the search is conducted; (2) whether the contraband was in plain
view; (3) the defendant’s proximity to and the accessibility of the
narcotic; (4) whether the defendant possessed other contraband or
narcotics when arrested; (5) whether the defendant attempted to flee; (6) whether
the defendant made furtive gestures; (7) whether the defendant owned or
had the right to possess the place where the drugs were found; and (8) whether
the conduct of the defendant indicated a consciousness of guilt.  Id. at
162 n.12.  It is not the number of links that is dispositive but the logical
force of all of the evidence.  Id. at 162.

          Here,
notwithstanding that Wallace exclusively possessed the vehicle where the
cocaine was found, numerous facts link him to the 6.36 grams of cocaine discovered
in the driver’s side door pocket of his vehicle.  Specifically, Wallace was the
sole occupant of his vehicle; Wallace told Officer Anderson that he had “weed”
in his vehicle; Wallace made furtive gestures when Officer Anderson asked for
his driver license and proof of insurance; Officer Anderson observed a plastic
baggie containing a white, powdery substance when Wallace fidgeted his hand
while seated in his vehicle; Officers Anderson and Taylor both observed a
plastic baggie containing cocaine on the ground outside of the driver’s side door
of Wallace’s vehicle; Officer Taylor found marijuana in the vehicle’s glove
compartment; Wallace shoved Officer Anderson and fled after exiting his vehicle;
and Officer Taylor discovered the 6.36 grams of cocaine in the driver’s side
door pocket, located in close proximity to where Wallace sat to operate the
vehicle.

          Viewing
all of the evidence in the light most favorable to the prosecution, a rational
jury could have found beyond a reasonable doubt that Wallace intentionally or
knowingly possessed the 6.36 grams of cocaine discovered in the driver’s side
door pocket of his vehicle.  See Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Clayton, 235 S.W.3d at 778; Evans, 202 S.W.3d at 162
n.12.  Accordingly, we hold that the evidence is sufficient to support
Wallace’s conviction, and we overrule his first point.

IV.  Evidence
Discovered in Wallace’s Vehicle

          In
his second point, Wallace argues that the trial court “erred by admitting into
evidence the baggies that were seized from [his] vehicle.”  He contends that the
cocaine was discovered pursuant to a “search incident to arrest” but that the
search ran afoul of Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710
(2009), and that none of the exceptions to the warrant requirement were
present.

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Thus, a general or imprecise
objection may be sufficient to preserve error for appeal, but only if the legal
basis for the objection is obvious to the court and to opposing counsel.  Buchanan
v. State, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006).  Further, a party’s
argument on appeal must comport with his objection in the trial court.  Guevara
v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003).

          The
record shows that when the State first offered the cocaine “cookie” that was found
in the driver’s side door pocket of Wallace’s vehicle into evidence (State’s
Exhibit 4), defense counsel took the witness, Officer Anderson, on voir dire.  Defense
counsel questioned Officer Anderson about the chain of custody relevant to the
exhibit and the role that another officer, Officer Torres, played in assisting
Officer Anderson.  After questioning Officer Anderson, defense counsel stated,
“I would like to object to the State having the evidence entered.  That - -
Exhibits . . . 2 through 5 being entered into evidence, Your Honor.”  The
trial court then questioned Officer Anderson before “conditionally receiv[ing]”
State’s Exhibit 4 “until the State proves up the - - through the
criminalist the controlled substances.”  Defense counsel did not subsequently
assert an objection when the State questioned Officer Taylor about the cocaine
“cookie” or when the State offered the cocaine into evidence “for all purposes”
during its questioning of the forensic analyst.

          The
record thus demonstrates that Wallace never objected that the cocaine
discovered in his vehicle was obtained through an improper search.  Although Wallace
asserted an objection to the cocaine after questioning Officer Anderson on voir
dire, he asserted only a general objection, and it was neither apparent nor
obvious from its context that he was objecting on the basis of an illegal
search.  To the extent that the general objection’s legal basis was apparent to
the trial court, it related only to chain of custody and Officer Torres’s
involvement.[2]  We hold that Wallace
failed to preserve this point for appellate review.  See Tex. R. App. P.
33.1(a)(1); Buchanan, 207 S.W.3d at 775; Guevara, 97 S.W.3d at
583.  We overrule Wallace’s second point.

V.  Conclusion

          Having
overruled Wallace’s two points, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]Nonetheless, the trial
court impliedly sustained the objection because it did not admit the evidence
for all purposes until the State re-offered it during the forensic analyst’s
testimony, and Wallace did not assert an objection at that time.