

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00196-CR

JOHNNY ROY WALLACE JR. A/K/A               APPELLANT
JOHNNY R. WALLACE JR.

V.

THE STATE OF TEXAS                                   STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury convicted Appellant Johnny Roy Wallace Jr. a/k/a Johnny R. Wallace Jr. of possession of more than four but less than 200 grams of cocaine, and the trial court sentenced him to twenty years' confinement. In two points,

---

[1]*See* Tex. R. App. P. 47.4.

Wallace argues that the evidence is insufficient to support his conviction and that the trial court erred by admitting certain evidence. We will affirm.

## II. BACKGROUND

Around 1:00 a.m. on June 30, 2009, Wallace made an illegal U-turn in the vehicle that he was driving in front of the marked patrol car that Officer Francis Anderson was driving. Officer Anderson hit her brakes, turned on the emergency lights, parked her patrol car, and approached Wallace, who was the only person in his vehicle. Officer Anderson had a "good view" inside of Wallace's vehicle and asked him for his driver license and insurance. Wallace told Officer Anderson that he had some "weed" in the car, and Officer Anderson observed a plastic baggie that contained what appeared to be a white, powdery substance as Wallace was "trying to fidget" with his right hand. Officer Anderson proceeded to open the door and asked Wallace to get out of the vehicle. When Wallace exited the vehicle, a plastic baggie containing a white substance dropped onto the ground, and Wallace shoved Officer Anderson and ran off. With the help of another officer, Officer Anderson pursued Wallace and eventually caught and arrested him.

Officer Anthony Taylor responded to provide assistance and arrived at the scene within a minute or two of the call. He approached Wallace's vehicle and observed a clear plastic bag that contained a white substance lying on the ground near the driver's side door. Subsequent testing showed that the substance weighed .72 grams and contained cocaine. Officer Taylor searched

2

Wallace's vehicle and found what tests later confirmed to be (1) 39.93 grams of marijuana in the glove box and (2) 6.36 grams of cocaine (in "cookie" form) in the driver's side door pocket. Officer Taylor released the narcotics to Officer Anderson when she returned to the scene.

### III. EVIDENTIARY SUFFICIENCY

In his first point, Wallace challenges the sufficiency of the evidence to support the "possession" element of the charged offense, arguing that the evidence is insufficient to affirmatively link him to the 6.36 grams of cocaine discovered in his vehicle.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). We must presume that the factfinder resolved any conflicting inferences in favor of the

prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

To support Wallace's conviction, the State had to show that he intentionally or knowingly "possessed" between four and 200 grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010). To prove possession, the State was required to show that Wallace (1) exercised actual care, custody, control, or management over the substance and (2) knew that the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* Tex. Health & Safety Code Ann. § 481.002(38) (West 2010); Tex. Penal Code Ann. § 6.01(b) (West 2011) (defining when possession is voluntary). Wallace does not argue that he did not know that the 6.36 grams of cocaine was contraband; therefore, we focus on the evidence demonstrating his actual care, custody, control, or management of the cocaine. *See Poindexter*, 153 S.W.3d at 405.

When the accused does not have actual possession of the controlled substance or exclusive possession of the locale where the controlled substance was found, it cannot be concluded or presumed that the accused had possession over the contraband unless there are additional independent facts or circumstances that tend to connect or link the accused to the knowing possession of the contraband. *Id.* at 406 (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981)). This is because, whether the evidence is direct or circumstantial, it must establish that the defendant's

4

connection with the contraband was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). Relevant non-exclusive links tending to connect the defendant to knowing possession include (1) the defendant's presence when the search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant possessed other contraband or narcotics when arrested; (5) whether the defendant attempted to flee; (6) whether the defendant made furtive gestures; (7) whether the defendant owned or had the right to possess the place where the drugs were found; and (8) whether the conduct of the defendant indicated a consciousness of guilt. *Id.* at 162 n.12. It is not the number of links that is dispositive but the logical force of all of the evidence. *Id.* at 162.

Here, notwithstanding that Wallace exclusively possessed the vehicle where the cocaine was found, numerous facts link him to the 6.36 grams of cocaine discovered in the driver's side door pocket of his vehicle. Specifically, Wallace was the sole occupant of his vehicle; Wallace told Officer Anderson that he had "weed" in his vehicle; Wallace made furtive gestures when Officer Anderson asked for his driver license and proof of insurance; Officer Anderson observed a plastic baggie containing a white, powdery substance when Wallace fidgeted his hand while seated in his vehicle; Officers Anderson and Taylor both observed a plastic baggie containing cocaine on the ground outside of the driver's side door of Wallace's vehicle; Officer Taylor found marijuana in the

5

vehicle's glove compartment; Wallace shoved Officer Anderson and fled after exiting his vehicle; and Officer Taylor discovered the 6.36 grams of cocaine in the driver's side door pocket, located in close proximity to where Wallace sat to operate the vehicle.

Viewing all of the evidence in the light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that Wallace intentionally or knowingly possessed the 6.36 grams of cocaine discovered in the driver's side door pocket of his vehicle. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778; *Evans*, 202 S.W.3d at 162 n.12. Accordingly, we hold that the evidence is sufficient to support Wallace's conviction, and we overrule his first point.

## IV. EVIDENCE DISCOVERED IN WALLACE'S VEHICLE

In his second point, Wallace argues that the trial court "erred by admitting into evidence the baggies that were seized from [his] vehicle." He contends that the cocaine was discovered pursuant to a "search incident to arrest" but that the search ran afoul of *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009), and that none of the exceptions to the warrant requirement were present.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Thus, a general or imprecise objection may

6

be sufficient to preserve error for appeal, but only if the legal basis for the objection is obvious to the court and to opposing counsel. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). Further, a party's argument on appeal must comport with his objection in the trial court. *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003).

The record shows that when the State first offered the cocaine "cookie" that was found in the driver's side door pocket of Wallace's vehicle into evidence (State's Exhibit 4), defense counsel took the witness, Officer Anderson, on voir dire. Defense counsel questioned Officer Anderson about the chain of custody relevant to the exhibit and the role that another officer, Officer Torres, played in assisting Officer Anderson. After questioning Officer Anderson, defense counsel stated, "I would like to object to the State having the evidence entered. That - - Exhibits . . . 2 through 5 being entered into evidence, Your Honor." The trial court then questioned Officer Anderson before "conditionally receiv[ing]" State's Exhibit 4 "until the State proves up the - - through the criminalist the controlled substances." Defense counsel did not subsequently assert an objection when the State questioned Officer Taylor about the cocaine "cookie" or when the State offered the cocaine into evidence "for all purposes" during its questioning of the forensic analyst.

The record thus demonstrates that Wallace never objected that the cocaine discovered in his vehicle was obtained through an improper search. Although Wallace asserted an objection to the cocaine after questioning Officer

7

Anderson on voir dire, he asserted only a general objection, and it was neither apparent nor obvious from its context that he was objecting on the basis of an illegal search. To the extent that the general objection's legal basis was apparent to the trial court, it related only to chain of custody and Officer Torres's involvement.[2] We hold that Wallace failed to preserve this point for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Buchanan*, 207 S.W.3d at 775; *Guevara*, 97 S.W.3d at 583. We overrule Wallace's second point.

## V. CONCLUSION

Having overruled Wallace's two points, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 22, 2011

---

[2]Nonetheless, the trial court impliedly sustained the objection because it did not admit the evidence for all purposes until the State re-offered it during the forensic analyst's testimony, and Wallace did not assert an objection at that time.

8