**Affirmed and Memorandum Opinion filed September 15, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00521-CR

---

**DEREK EUGENE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1434376**

---

## MEMORANDUM OPINION

We consider two issues in this appeal from a conviction for aggravated robbery: (1) whether the trial court abused its discretion by admitting into evidence a video lineup that depicted appellant in jail clothing, and (2) whether the trial court abused its discretion by denying a motion for mistrial after a witness referred to the participants in the lineup as "prisoners." Finding no reversible error with either of these issues, we affirm the trial court's judgment.

## BACKGROUND

The complainant testified that he was robbed by two men and one woman, who approached him on the side of the road after he began experiencing car troubles. One of the men entered on the front passenger side of the car and pointed a gun at the complainant. The second man approached from outside the driver's side door. The complainant pushed open the door and knocked the second man down. A struggle ensued between the complainant and the second man. The woman joined the fight and began to beat the complainant with a hammer. When the complainant fought back, the second man pulled out a knife. At the sight of the knife, the complainant ran away in search of help, and the three individuals drove off in his car.

The complainant found his car the very next day, not far from the site of the robbery. All of its valuable contents had been taken. The complainant notified police of the car's whereabouts, and the police dispatched an investigator who lifted latent fingerprints from the car. One of the prints matched a print belonging to appellant.

Police arranged for an in-person lineup two months later. The lineup took place at the county jail, and all five of its participants were dressed in orange jail clothing. The complainant identified appellant in the lineup as the man who had pulled out the knife.

Appellant presented a very different version of events. He testified that he was walking outside by himself when he saw the complainant pull over and solicit a prostitute. The prostitute got into the car and the complainant drove away, but only for a short distance. The complainant quickly stopped the car and screamed at the prostitute to get out because she was a transsexual. The prostitute refused to

leave, however, and appellant said that she was the one who had actually robbed the complainant.

The complainant exited his car and ran on foot towards appellant, seeking his help. Appellant said that he merely shook his head, declining to intervene. The complainant apparently ran off again, in search of a third person, because according to appellant, the prostitute took control of the vehicle and drove it to where appellant had been watching. The prostitute told appellant to get inside, which he did, and then they drove off together in search of marijuana.

Appellant testified that he was in the car for about thirty minutes and that there was no third person at the scene. Appellant opined that the complainant was lying about his story because he was embarrassed for having solicited a transsexual.

## VIDEO LINEUP

In his first issue, appellant argues that the video lineup should have been excluded because the video depicted him in orange jail clothing, and that depiction infringed on his constitutional right to the presumption of innocence. The State responds that this issue has not been preserved for appellate review. We agree with the State.

When the video lineup was offered into evidence, the following discussion occurred at the bench, outside the hearing of the jury:

DEFENSE: Just for the record, Your Honor, I object based upon the fact it shows my client in custody when, in fact, he wasn't arrested on this aggravated robbery event. And it shows him in custody, also. For that reason, I would object.

COURT: Well, I assume y'all can address—

3

STATE:   We would say they're all dressed the same, they all have similar characteristics.

COURT:   Is there anything else on there other than the lineup?

STATE:   No, sir. Just the lineup and the video of the suspects coming in there. You hear his voice asking the participants to do what they did, and that's it.

COURT:   It's overruled.

Appellant's objection that the video "show[ed] him in custody" was not sufficiently specific to apprise the trial court that he was making a legal argument based on his constitutional right to the presumption of innocence. *See* Tex. R. App. P. 33.1 (objections must be made "with sufficient specificity to make the trial court aware of the complaint"). Appellant contends in a reply brief that he did not need to employ more specific words because his legal argument was apparent from the context. We disagree. General or imprecise objections are sufficient to preserve error "only if the legal basis for the objection is *obvious* to the court and to opposing counsel." *See Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original). None of the responses following appellant's objection indicates that either the State or the trial court understood that appellant was referring to his presumption of innocence. Instead, the responses suggest a belief that appellant was complaining about the suggestiveness of the lineup, or that he was making an objection under the Rules of Evidence that would require a balancing of interests. We conclude that appellant's objection at trial was not sufficiently specific to preserve his argument on appeal.

Assuming for the sake of argument that error was preserved, and assuming further that the trial court erred by admitting the video lineup into evidence, we would review the error under the harm standard for constitutional error, and under that standard, the error was not harmful.

4

When the record reveals constitutional error, the reviewing court must reverse the judgment of conviction unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction. *See* Tex. R. App. 44.2(a). The reviewing court may consider several factors when making this determination, including the nature of the error, whether the error was emphasized by the State, the probable implications of the error, and the weight the jury would likely have assigned to the error in the course of its deliberations. *See Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). "At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether beyond a reasonable doubt [that particular] error did not contribution to the conviction or punishment." *Id.*

We begin with a short description of the video, which is less than five and a half minutes in length. It depicts five men, all dressed in the same orange clothing, standing against a plain white wall. Although no one is visibly restrained, their clothing is clearly inscribed with the words "COUNTY JAIL" in large letters. The video focuses on each participant for about a minute. An off-camera voice tells the participant to turn his head from side to side, to make slow quarter-turns in a clockwise formation, and to state his height and weight. No other information about the participants is conveyed.

Appellant contends that the video depiction of him in jail clothing was harmful because it enabled the jury to infer that he was arrested on other charges, which thereby created a risk of conviction based on extraneous misconduct. We disagree for two reasons. First, the jury heard no evidence indicating why appellant had been in jail at the time of the lineup, or more specifically, whether he had been arrested on separate charges. Without any direct proof on this issue, the jury could

have reasonably determined that appellant was in jail because the police had conducted an investigation of the complainant's alleged robbery; appellant was arrested following that investigation; and, after failing to post bail, appellant was simply awaiting trial in the county jail on that sole charge of robbery.

Second, the jury heard other testimony that was far more likely to associate appellant with extraneous misconduct than the video lineup. Appellant testified that he climbed into the complainant's car even though, by his own version of events, the car had just been stolen by a prostitute. He testified that he and the prostitute sought out and purchased marijuana, using the complainant's car. He also testified that he had previously been convicted of an unspecified felony, as well as a misdemeanor assault for family violence. This evidence necessarily associated appellant with extraneous misconduct, whereas the video lineup did not. We conclude beyond a reasonable doubt that the brief video depiction of appellant in jail clothing did not contribute to the conviction.

## MOTION FOR MISTRIAL

Before the video lineup was published, an officer described the general lineup procedure to the jury. The officer said that the person running the lineup would use the intercom system to give instructions to "the prisoners behind the glass." Appellant timely objected to the officer's use of the word "prisoners." Appellant requested the trial court to instruct the jury to disregard the officer's statement, which the trial court did. Appellant then moved for a mistrial, which the trial court denied.

In his second issue, appellant argues that the trial court abused its discretion by denying his motion for mistrial. He contends that the use of the word "prisoners," when combined with his video depiction in jail clothing, had an

unfairly prejudicial effect that allowed the jury to convict him on the basis of extraneous misconduct.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial is a serious remedy, reserved for only extreme circumstances in which prejudice is incurable. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Whether a given error necessitates a mistrial must be determined by examining the particular facts of the case. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We will uphold the trial court's ruling if it falls within the zone of reasonable disagreement. *See Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

"[T]estimony referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard by the trial judge, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992).

In this case, the trial court gave a curative instruction when it told the jury to disregard the officer's last statement. Because the officer had been speaking in general terms about lineup procedures, rather than about appellant's specific status as a prisoner, we cannot say that the officer's uninvited use of the word "prisoner" was so inflammatory as to undermine the efficacy of the trial court's curative instruction. Accordingly, we hold that the trial court did not abuse its discretion when it denied appellant's motion for mistrial. *See id.* (witness's uninvited reference to the defendant's recent "release[] from the penitentiary" did not warrant a mistrial where the trial court gave a curative instruction).

## CONCLUSION

The trial court's judgment is affirmed.

/s/     Tracy Christopher
            Justice

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).