

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00302-CR

Robert Len **WHITE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10291
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Irene Rios, Justice

Delivered and Filed:  July 25, 2018

AFFIRMED

Robert White appeals his conviction for the offense of aggravated sexual assault of a child.

White contends the trial court erred by denying his pre-trial motion to suppress. We affirm.

### BACKGROUND

On May 20, 2015, the complainant made an outcry against White, and authorities initiated

an investigation. On July 23, 2015, Detective William Scogins arrested White during a meeting

with his parole officer pursuant to a warrant. Thereafter, Detective Scogins interviewed White at

the police department. The interview was recorded using both audio and visual recording equipment.

Before beginning the interview, Detective Scogins advised White of his rights individually using a standard form. After being advised of each right, White initialed the form to indicate he understood. The form listed each right as follows:

> I UNDERSTAND that I have the right to a lawyer present to advise me either prior to or during any questioning.

> I UNDERSTAND that if I'm unable to employ a lawyer, I have the right to have a lawyer appointed to counsel with me prior to or during any questioning.

> I UNDERSTAND that I have the right to remain silent and not make any statement at all; and further, any statement that I do make will be used as evidence against me at my trial.

> I UNDERSTAND that if I decide to talk with anyone, I can; however I also understand that I can stop talking to them at any point in time.

White initialed a line below each right, and Detective Scogins read the bottom of the waiver form, which stated:

> I UNDERSTAND that the above rights are continuing rights, which can be urged by me at any stage of these proceedings, and I do hereby intelligently, knowingly, and voluntarily waive these rights by providing Det[ective] William M. Scogins, the person to whom this statement is being made, the following statement[.]

White and Detective Scogins both signed the form. Detective Scogins then began questioning White. During the interview, White admitted to sexually assaulting the complainant.

White's trial counsel filed a Motion to Suppress Evidence and Oral Statements of Defendant as a result of the Warrantless and Illegal Detention, Arrest, Search and Seizure of the Defendant and His or Her Property and a brief in support of the motion. During a pre-trial hearing, the trial court heard argument regarding White's motion to suppress. White argued that the confession given to Detective Scogins was not the product of a voluntary waiver of his rights. The trial court denied White's motion to suppress his recorded confession, finding that White

voluntarily waived his rights by initialing each individual right and signing underneath the statement that he understood and waived those rights. The trial court further stated that the police officer and the court are not required to speculate as to the defendant's state of mind if the defendant continues to speak to the officer.

White subsequently pleaded nolo contendere to the offense of aggravated sexual assault of a child pursuant to a plea bargain. The trial court assessed punishment at twenty-three years' imprisonment in accordance with the plea bargain agreement. This appeal followed.

## ANALYSIS

In a single issue separated into three subparts,[1] White contends that the recording device that captured his confession was not a device capable of making an accurate recording, his confession was improperly induced, and he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights before confessing.

## STANDARD OF REVIEW

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Turrubiate*, 399 S.W.3d at 150. We give almost total deference to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2014). However, we review de novo mixed questions of law and fact that do not depend upon credibility and demeanor.

---

[1] For purposes of clarity, we identify the subparts of White's Issue One as A, B, and C.

*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Accordingly, the question of whether a certain set of historical facts gives rise to reasonable suspicion is one which we review de novo. *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013).

When reviewing the trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id*. at 818.

We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

### PRESERVATION

To preserve a complaint for appellate review, the complaining party must make a timely request, objection, or motion to the trial court which states the grounds with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1) (West Supp. 2017). The complaining party must let the trial court know what he wants and why he thinks he is entitled to it, and he must do so clearly enough for the trial court to understand and at a time when the trial court is in a position to do something about it. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). Additionally, to preserve error, the complaint on appeal must comport with, or in other words must not differ from, the complaint made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

In Subpart A, White contends the device that recorded his confession did not comply with the requirements of the Texas Code of Criminal Procedure, namely that the recording device was not capable of making an accurate recording. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. (West Supp. 2017). Our review of the record reveals that White did not argue the capabilities of the recording device were inadequate in his motion to suppress, nor did White make any argument regarding its capabilities during the pre-trial hearing. Although White's motion mentions Article 38.22 in passing, a general or imprecise objection will not preserve error for appeal unless the legal basis for the objection is obvious to the court and to opposing counsel. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). We conclude the issue raised in Subpart A was not preserved for appeal.

In Subpart B, White contends his confession was improperly induced by Detective Scogins. White's motion to suppress does not contain any language alleging that his confession was improperly induced by Detective Scogins. Further, White did not offer any argument during the pre-trial hearing regarding any improper inducement of his confession. We conclude White did not properly preserve the issue raised in Subpart B.

Accordingly, Subpart A and Subpart B of Issue One are overruled.

**WAIVER OF RIGHTS**

In Subpart C, White contends the trial court erred by denying his motion to suppress because he did not knowingly, intelligently, and voluntarily waive his rights. Specifically, White complains he was improperly induced into making the statement because Detective Scogins promised he could see his soon to be born son and his son's mother.

Prior to any questioning, a defendant must be warned that he has the right to remain silent, that any statement he makes may be used as evidence against him, that he has a right to the presence of an attorney, either retained or appointed, and that he has the right to terminate the interview at

any time. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2. "[N]o oral statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless (1) the statement was recorded and (2) prior to the statement but during the recording, the accused was warned of his rights and knowingly, intelligently, and voluntarily waived those rights." *Joseph v. State*, 309 S.W.3d 20, 23-24 (Tex. Crim. App. 2010); TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3. "[T]he relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Joseph*, 309 S.W.3d at 25 (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). A waiver of these rights "must have been made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (quoting *Moran*, 475 U.S. at 421). We therefore turn to an examination of the voluntariness of White's waiver and whether White made the waiver with full awareness.

Our review of the record indicates that immediately after being advised by Detective Scogins of his rights, White willingly participated in the interview. Detective Scogins testified that White did not request an attorney nor ask that the interview be terminated at any time during the interview. At the beginning of the interview, Detective Scogins read aloud each warning on the waiver form to White and requested that White initial next to each individual warning on the form to indicate his understanding. Detective Scogins further read the statement at the bottom of the waiver form to White verbatim. White agreed to the waiver and signed the statement.

The warnings read to White made him fully aware of the rights set forth in the Texas Code of Criminal Procedure. Therefore, we conclude the totality of the circumstances surrounding White's interview shows White made his waiver with full awareness of both the rights being abandoned and the consequences of his decision to abandon those rights. Our review of the record, including the videotape recording of White's interview, does not support the contention that White

was coerced into making a statement. Thus, the totality of the circumstances surrounding White's interview shows White voluntarily waived his rights and that his waiver resulted from a deliberate choice free from intimidation, coercion, or deception. Accordingly, we conclude the trial court did not err by denying White's motion to suppress.

Subpart C of Issue One is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Irene Rios, Justice

DO NOT PUBLISH